**ADERANS COMPANY, LTD., Plaintiff,**

v.

**Thomas P. JABLONSKI, and Stephen H. Helland, Defendants.**

No. Civ. 4–88–361.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 17, 1992.

Richard A. Lockridge, W. Joseph Bruckner, Patricia A. Bloodgood, Opperman Heins & Paquin, Minneapolis, Minn., Joel J. Spector, Jeffrey C. Dannenberg, Fried Spector Scher & Feldman, New York City, for plaintiff.

John MacFerran Lefevre, Jr., David L. Graven, Robert Alan Alsop, Holmes & Graven, Minneapolis, Minn., for defendants.

## ORDER

DIANA E. MURPHY, District Judge.

Following a month long trial, the jury returned its verdict in this case on December 20, 1991. The jury found that the defendants had violated Section 10(b) of the 1934 Securities and Exchange Act, Section 12(2) of the 1933 Securities Act, and Section 80A.01 of the Minnesota securities laws, and that defendants had committed common law misrepresentation. It found the federal securities claims to be barred under the then applicable statutes of limitations. It assessed plaintiff's damages in the amount of $992,639. The jury also found that the plaintiff had breached its obligations under a promissory note, but that defendants had not sustained any damage as a result of that breach. An

order for judgment was signed by the court and judgment entered on December 26. On December 27 the court granted a limited stay of proceedings to enforce the judgment, until January 17, 1992, to permit consideration of post-trial motions. Now before the court are defendants' motions for judgment notwithstanding the verdict or, in the alternative, for a new trial.[1] Both sides have submitted lengthy memoranda on these motions.[2]

Defendants argue that they should be granted judgment n.o.v. because the evidence is deficient with respect to every element of every claim asserted by plaintiff. They contend that plaintiff failed to prove actionable specific misrepresentations or omissions of material fact, that any factual representations made by defendants were false, that defendants acted with the requisite intent, that plaintiff actually and reasonably relied on any of the alleged misrepresentations or omissions, or that plaintiff suffered any damages which were proximately caused by defendants' conduct. Defendants also request judgment n.o.v. on their counterclaim, arguing that the jury's verdict was contradictory and perverse in finding a breach but no damages.

In support of their motion for a new trial, defendants argue that the jury's verdict was contrary to the clear weight of the evidence and a new trial is necessary to prevent a serious miscarriage of justice. They also contend that a new trial is necessary to correct alleged errors in evidentiary rulings and in the jury instructions and special verdict form.

 The standard for granting judgment n.o.v. is the same as that for a directed verdict: whether a reasonable jury could have reached the result on the evidence presented. *City of Omaha Employees Betterment Ass'n v. Omaha*, 883 F.2d 650, 651 (8th Cir.1989). The court "is not free to weigh the evidence, to pass on the credibility of witnesses, or to substitute [its] judgment for that of the jury." *Karlen v. Ray E. Friedman & Co. Commodities*, 688 F.2d 1193, 1197 (8th Cir.1982) (citation omitted). Granting judgment n.o.v. is appropriate only where the evidence is such that, without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict. *Mulholland v. Schneider Service Co.*, 661 F.2d 708, 711 (8th Cir.1981). Thus, in assessing the motion, the court will:

(1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the

1. In a footnote to their memorandum, but without a motion, defendants request that the court dismiss plaintiff's claims under Section 10(b) and Section 12(2) pursuant to the applicable statutes of limitations as found by the jury in response to questions number 2 and 4, that plaintiff knew or should have known all of the relevant facts more than one year before commencing this action.

Plaintiff does not dispute that the Section 12(2) claim should be dismissed, and it appears that it should be dismissed. Plaintiff has brought a separate motion, however, filed with its papers in opposition to defendants' post-trial motions, to amend the jury's special verdict to strike question number 2 and the jury's response thereto, and to clarify the court's judgment to reflect that amendment to the special verdict. Defendants request an opportunity to respond to this motion of plaintiff.

Defendants should be given an opportunity to respond to plaintiff's motion concerning the Section 10(b) claim before the court proceeds to rule on it.

2. Both sides were given permission to file memoranda of 50 pages (the page limit set in the local rules is 35 pages including both initial and reply memoranda), and defendants' memorandum is 52 pages. Both sides also submitted lengthy portions of trial testimony by way of transcript. Defendants now request permission to file a reply memorandum after a transcript of the entire trial has been prepared. The court has been informed that it could take two months or longer for this transcript to be prepared.

Because the court is familiar with the entire record, including the testimony at trial, and because the parties have already been granted more than ample opportunity to present their positions in support of or opposition to defendants' post-trial motions, defendants' request for further briefing should be denied. Defendants' motions have been adequately and thoroughly addressed, and many of the issues were argued and briefed also at or before trial.

evidence as viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

*Pumps & Power Co. v. Southern States Indus., Inc.*, 787 F.2d 1252, 1258 (8th Cir. 1986) (citations omitted).

■ The court has carefully reviewed the record, including the evidence presented at trial, and the arguments of the parties, and concludes that the motion for judgment n.o.v. should be denied. Assuming as true all facts supporting plaintiff which the evidence tended to prove, and giving plaintiff the benefit of all reasonable doubts, plaintiff established each of the essential elements of its claims. In many ways, this was a quintessential case for resolution by jury, since it involved the assessment of conflicting evidence and the weighing of witnesses' credibility at every turn. Defendants presented their version of the facts at trial and again in their memorandum in support of the present motions, but plaintiff presented evidence supporting each element of its claims. It was for the jury to assess all the evidence and reach a verdict.

■ As to the counterclaim, the jury was instructed that if it found that plaintiff did breach the promissory note, then the jury "may award damages in the amount that will compensate [defendants] for any losses that naturally resulted from that breach." The special verdict stated that if the jury found that there had been a breach, then it should answer the question: "What is the amount of damages, if any, that was sustained by the defendants and proximately caused by Aderans' breach?" Both the instructions and the special verdict required the jury to make an additional finding before awarding damages for breach of the promissory note, namely whether there were any damages naturally resulting from, or proximately caused by, the breach. It was neither inconsistent nor perverse for the jury to answer the special verdict as it did. The motion for judgment n.o.v. on plaintiff's claims and defendants' counterclaim should be denied.

■ In deciding whether to grant a new trial on the ground that the verdict was against the weight of the evidence, the prevention of injustice is the overriding principle. *Leichihman v. Pickwick Int'l*, 814 F.2d 1263, 1267 (8th Cir.), *cert. denied*, 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987). A new trial is not to be granted merely because the court may have reached a different result than that reached by the jury. *Fireman's Fund Ins. Co. v. Aalco Wrecking Co.*, 466 F.2d 179, 186–87 (8th Cir.1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973).

■ In the present case, based on the entire record and the court's familiarity with the evidence, the court concludes that the motion for a new trial on the ground that the verdict was against the weight of the evidence should be denied. Plaintiff presented sufficient evidence in support of each element of its claims, and it would not work an injustice to uphold the decision of the jury.

■ A new trial may be appropriate under Rule 59 when evidentiary rulings were so prejudicial as to require a new trial which would be likely to produce a different result. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1200 (8th Cir.1990). A new trial may also be appropriate if the court erred in instructing the jury as to the applicable law. *Western American, Inc. v. Aetna Casualty & Surety Co.*, 915 F.2d 1181, 1185 (8th Cir.1990); *Murphy v. Long Beach*, 914 F.2d 183, 187 (9th Cir.1990); *Fireman's Fund Ins. Co. v. Aalco Wrecking Co., supra*, 466 F.2d at 186.

■ In the present case, the evidentiary issues and disputed jury instructions were argued and briefed at trial and considered carefully by the court at that time. Defendants have not shown the court's rulings were erroneous. Defendants also argue that the special verdict form should have been broken down into the separate elements under each claim as proposed in their pretrial submissions. The special verdict form, read together with the jury instructions taken as a whole, fairly and adequately apprised the jury of the issues it was to decide. The special verdict form proposed by defendants was unwieldy and

could have made the jury's task more difficult or confusing. Defendants' motion for a new trial on these grounds should be denied.

 Due to the disposition of defendants' post-trial motions before the expiration of the stay of proceedings to enforce the judgment, the grounds on which they sought the stay have disappeared. There being no sufficient reason for continuation of the stay, their motion for a continued stay should be denied. Plaintiff's cross-motion to require defendants to post a bond during the stay should be dismissed as moot.

## ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. defendants' request for dismissal of plaintiff's Section 12(2) claim is granted and this claim is dismissed with prejudice;

2. defendants' motion for judgment notwithstanding the verdict on plaintiff's remaining claims is denied;

3. defendants' motion for judgment notwithstanding the verdict on their counterclaim is denied;

4. defendants' motion for a new trial is denied;

5. defendants' motion for a continued stay of proceedings to enforce the judgment is denied;

6. plaintiff's cross-motion to require defendants to post a bond during the stay is dismissed as moot.